IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HARRIET BOND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00053-O-BP |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § § § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Harriet Bond ("Bond") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision.

**I.    STATEMENT OF THE CASE**

Bond was born on October 13, 1959 and was 56 years old on the alleged disability onset date. Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 11-1 at 29.  Bond was categorized as an individual of advanced age and remained in this category through the date of her hearing before the Administrative Law Judge ("ALJ"). *Id*. Bond has at least a high school education and is able to communicate in English. *Id.*

Bond filed for DIB on July 11, 2016, alleging that her disability began on June 17, 2016. Tr. 21. The Commissioner initially denied Bond's claims on August 7, 2017 and denied them again on reconsideration on February 16, 2018. *Id.* Bond requested a hearing, which was held before

ALJ Jack W. Raines on February 6, 2019, in Fort Worth, Texas, with Bond and her attorney present. *Id.* The ALJ issued an unfavorable decision on April 26, 2019, finding that based on the application for DIB, Bond was not disabled. Tr. 31.

The ALJ employed the statutory five-step analysis and established during step one that Bond had not engaged in substantial gainful activity since June 17, 2016. Tr. 23. At step two, the ALJ determined that Bond has the severe impairments of fibromyalgia, carpal tunnel disorder, mild degenerative disc disease of the lumbar spine, mild neurocognitive disorder, and Sjögren syndrome. *Id.* At step three, the ALJ found that Bond's impairments did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 24. In particular, the ALJ concluded that Bond retained the residual functional capacity ("RFC")

> to lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand, and/or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. The claimant can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. She can frequently balance, handle, finger, and feel. The claimant can occasionally kneel, stoop and crouch, but she can never crawl. She cannot reach overhead, but can frequently reach in all other directions. The claimant must avoid unprotected heights, moving machinery, or excessive vibration. She can understand, remember, and carry out detailed but not complex instructions. She is able to maintain concentration, persistence and pace, interact appropriately with the public, supervisors, and co-workers. She can respond appropriately to usual work pressures and to changes in this work setting.

Tr. 25. At step four, the ALJ found that Bond is able to perform her past relevant work as an administrative clerk. Tr. 29.

The Appeals Council ("AC") denied review on January 17, 2020. Tr. 5. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II. STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)-(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100-03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. *Id.* § 404.1520(a)(4)(iv). Before this step, the ALJ assesses the claimant's RFC, which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 404.1545(a)(1). Fifth, impairments must prevent the claimant from doing any work after considering the claimant's RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197-98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

The Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III.   ANALYSIS

Bond raises only one issue on appeal. She claims that the AC erred by failing to remand the case to the ALJ when Bond presented new evidence of a medical source statement to the AC that directly conflicted with the RFC. ECF No. 13 at 9.

A court's review of the Commissioner's denial of Social Security benefits is limited to considering whether the decision is supported by substantial evidence in the record and whether the proper legal standards were applied. *Higginbotham*, 405 F.3d at 335. The Commissioner's final decision includes the AC's denial of a request for review. *Id.* at 336. The AC will review a case if, among other reasons, the AC "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). If the claimant submits "additional evidence that does not relate to the period on or before the date of the administrative law judge hearing decision as required in paragraph (a)(5) of this section, . . . the Appeals Council will send [the claimant] a notice that explains why it did not accept the additional evidence and advises [the claimant] of [the claimant's] right to file a new application." *Id.* §§ 404.970(c), 416.1470(c).

In this case, Bond submitted new evidence to the AC consisting of a form prepared by her treating physician, Scott Zashin, M.D., dated May 27, 2019. Tr. 12-16. The AC stated in its discussion of this evidence:

> The [ALJ] decided your case through April 26, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 10, 2017.

Tr. 6. The Commissioner went on to state that Bond could submit a new claim. *Id.*

Bond argues that the additional evidence does, in fact, "relate to" the period of disability at issue in this case. ECF No. 13 at 4-5. Bond notes that Dr. Zashin began treating her in 2011, well before the end of the period of disability in this case. *Id.* (citing Tr. 8). She also argues that another case decided by this Court, *Green v. Astrue*, No. 3:07-cv-0291-L, 2008 WL 3152990 (N.D. Tex. July 30, 2008), supports remand. In *Green*, the Court reversed and remanded the

Commissioner's decision because the AC refused to consider new and material evidence dated subsequent to the ALJ's opinion but still, in the Court's view, "related to" the period on or before the decision entered after the ALJ's hearing. *Id.* at *7. The Court concluded that evidence dated after the ALJ's decision can still be "related to" the period of claimed disability before the ALJ's decision. *Id.*; *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (finding that a newly submitted report made after the ALJ's decision was material because it was partly based on records from before the ALJ's decision).

The Commissioner does not distinguish *Green* or argue that it does not apply to this case. Instead, he argues that remand is not required here because "any post-adjudicated period evidence at best may merely represent 'evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'" ECF No. 14 at 6 (citing *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985)). However, the date Dr. Zashin completed the medical source statement form, by itself, is not determinative. As Magistrate Judge Rebecca Rutherford held, "the phrase 'relates to,' as used in the Social Security regulations, is purposefully broad and not restricted merely to records or reports dated on or before the ALJ's decision." *Charles A. v. Berryhill*, No. 3:17-cv-2574-L-BT, 2019 WL 1130260, at *3 (N.D. Tex. Feb. 22, 2019), *rec. adopted*, No. 3:17-cv-2574-L, 2019 WL 1128836 (N.D. Tex. Mar. 12, 2019) (citing *Johnson v. Berryhill*, No. 4:16-cv-0241-O-BL, 2017 WL 2964882, at *6 (N.D. Tex. June 26, 2017), *rec. adopted*, No. 4:16-cv-0241-O, 2017 WL 2954914 (N.D. Tex. July 11, 2017).

Based on a review of the medical source statement, and in view of the record as a whole, it appears Dr. Zashin's opinion relates to a period of time beginning in 2011, when Dr. Zashin first began seeing Bond as a patient. Tr. 16. Further, the record shows that Dr. Zashin had a significant relationship with Bond and treated her for Sjögren syndrome and fibromyalgia and oversaw a

clinical drug study in which Bond participated. Tr. 207, 339-433. Dr. Zashin's opinion relates to the same impairments evaluated by the ALJ. Finally, there is no indication that Dr. Zashin's opinions were a result of any sudden change or deterioration in Bond's condition, which courts reasonably infer to mean that a "medical report related to the proper period." *Charles A.*, 2019 WL 1130260, at *3 (citing *Johnson*, 2017 WL 2964882, at *7; *Bailey v. Astrue*, 2010 WL 42122, at *4 (W.D. La. Feb. 8, 2010)). Therefore, the evidence as a whole is "related to" the period before Bond's claim ended, and therefore the AC applied an improper legal standard in not considering it.

The analysis does not end at this point, however. Bond still must show prejudice from the AC's failure to remand the case to the ALJ to consider the newly submitted evidence. "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (citing *Carter v. Massey–Ferguson, Inc.*, 716 F.2d 344, 349 (5th Cir. 1983)). Remand is only appropriate when the claimant affirmatively demonstrates prejudice from the Commissioner's error. *See id.*

Bond does not succeed in showing prejudice. In her brief, she argues harmful error and prejudice based on *Charles A.* and *Weinberg v. Berryhill*. ECF No. 13 at 10 (citing *Charles A.*, 2018 WL 11130260, *4; *Weinberg v. Berryhill*, 3:18-cv-2706-BH, 2020 WL 1445850, at *8 (N.D. Tex. Mar. 25, 2020)). In her reply, she makes two arguments for prejudice. First, she alleges that the new medical source statement directly contradicts the ALJ's opinion. *Id*. She argues that "Dr. Zashin opined that Plaintiff could stand/walk less than 2 hours out of an 8-hour day, and sit about 2 hours in an 8-hour day," which directly conflicts with the ALJ's determination that she could perform "a sedentary job, which requires a minimum of sitting for at least 6 hours out of an 8-hour

7

day." *Id.* at 10-11 (citing Tr. 13, 25). Second, Bond argues that the ALJ gave great weight to the state agency medical consultant, which the new medical source evidence likewise contradicted. ECF No. 13 at 11. Bond contends that while at the time it may have been appropriate to depend on a non-examining medical source, after she offered a medical source statement that contradicts the non-examining source, it was no longer appropriate to depend on the non-examining medical source. *Id.* (citing *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990)).

The Commissioner argues that remand is not required because Dr. Zashin's form presents "opinions of extreme limitations… not supported by the evidence of the record," including Dr. Zashin's own medical records. ECF No. 14 at 6-7. Additionally, the Commissioner contends that the form should be classified as a brief or conclusory statement without further explanation. *Id.* at 8. The Commissioner maintains that this type of medical source opinion, essentially a standardized form without analysis or explanation, was worthy of only little consideration, and the AC's decision not to remand to the ALJ to consider it did not prejudice Bond. *Id.* (citing *Simmons v. Colvin*, 635 F. App'x 512, 515 (10th Cir. 2015); *Neely v. Barnhart*, 512 F. Supp. 2d 992, 997-98 (S.D. Tex. 2007)).

It is axiomatic that the Commissioner's decision must be supported by substantial evidence. *See Higginbotham*, 405 F.3d at 335; *see also Audler*, 501 F.3d at 447. "A court considering that final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence, and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported." *Lee v. Astrue*, No. 3-10-cv-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010) (citing *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006)). Here, Dr. Zashin's opinion contained in the newly introduced form does not dilute the record to such an

8

extent that the ALJ's decision becomes insufficiently supported and does not establish materiality requisite for remand. As a result, Bond has not shown a "reasonable possibility that [the evidence] would have changed the outcome of the Secretary's determination." *See Latham*, 36 F.3d 483 (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)); *Juarez v. Colvin*, No. cv H-15-1736, 2016 WL 7369128, at *16 (S.D. Tex. Nov. 30, 2016), *rec. adopted,* No. cv H-15-1736, 2016 WL 7337974 (S.D. Tex. Dec. 19, 2016) ("A court has the power to 'order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'").

As the Commissioner convincingly argues, Dr. Zashin's medical source statement appears to be a standardized form that contains a limited amount of explanation and does not explain why Dr. Zashin restricted Bond's ability to work to such an extent. Tr. 12-16. Because the form is merely a brief or conclusory statement and contradicts other substantial, contrary evidence in the record, even had the AC remanded the case for the ALJ to consider it, the ALJ likely would not have changed his decision based on the newly submitted evidence. Therefore, Bond has failed to show any prejudice from the AC's failure to apply the proper legal standards and not remanding the case to the ALJ to consider the new evidence, and remand is not required.

## IV.   CONCLUSION

Because the ALJ employed the correct legal standards, substantial evidence supports his decision, and any error of the Appeals Council in not remanding the case to the ALJ to consider newly submitted evidence did not prejudice Bond, Bond has failed to show that reversal of the ALJ's decision is required. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **AFFIRM** the Commissioner's decision.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 12, 2020.

                                                          Hal R. Ray, Jr.
                                                          UNITED STATES MAGISTRATE JUDGE