IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HARRIET BOND, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00053-O-BP |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY, § | |
| § | |
| Defendant. § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On November 12, 2020, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. *See* FCR, ECF No. 16. The FCR recommended the Court affirm the decision of the Commissioner of the Social Security Administration ("SSA") concluding that Plaintiff Harriet Bond is not disabled as defined by the Social Security Act. *See id.* at 1 (citing Admin. R. 21, 31, ECF No. 11-1). Bond filed an Objection to the FCR on November 16, 2020. *See* Pl.'s Obj., ECF No. 17. The Commissioner filed a Response on November 19, 2020. *See* Def.'s Resp., ECF No. 18.

The Court has conducted a de novo review of the FCR. For the following reasons, Plaintiff's Objection is **OVERRULED**, and the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR. The Court **AFFIRMS** the Commissioner's decision.

### I. BACKGROUND

Bond was born on October 13, 1959, has at least a high school education, and can communicate in English. *See* Admin. R. 29, ECF No. 11-1. In the past, Bond worked as an administrative clerk. *See id.* Bond filed a claim for disability insurance benefits with the SSA on

July 11, 2016. *See id.* at 21. The claim was initially denied on August 7, 2017, and then denied on reconsideration on February 16, 2018. *See id.* Bond requested a hearing in front of the ALJ, which was held on February 6, 2019. *See id.* ALJ Jack W. Raines presided over the hearing and issued a decision on April 26, 2019, finding that Bond was not disabled. *See id.* at 31.

The ALJ applied the statutory five-step analysis. *See id.* at 23–30. Specifically, the ALJ found that (1) Bond had not engaged in gainful activity since June 17, 2016, the alleged onset date; (2) Bond had severe impairments of fibgromyalgia, carpal tunnel disorder, mild degenerative disc disease of the lumbar, mild neurocognitivie disorder, and Sjögren syndrome under 20 C.F.R. § 404.1520(c); (3) Bond's impairment did not meet or equal in combination one of the impairments listed in 20 C.F.R. pt. 404(P); (4) Bond had the residual functional capacity ("RFC") to perform light, semi-skilled work with several identified abilities and limitations, so Bond was able to perform her past relevant work; and, in the alternative, (5) Bond could also perform a significant number of jobs in the national economy. *See id.*

The Appeals Council ("AC") denied review, and the Magistrate reviewed the Commissioner's final decision that Bond had not been under a disability. *See* FCR 1, ECF 16. The FCR and Plaintiff's Objections are ripe for the Court's review.

## II.   LEGAL STANDARD

"A [district] judge of the court shall make a de novo determination of those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 USCS § 636(b)(1). On review of the SSA Commissioner's denial of benefits, a court is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). The

Commissioner's final decision includes the AC's denial of a request for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005).

Substantial evidence is defined as more than a scintilla and less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *See Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). So, when applying the substantial evidence standard, the reviewing court does not weigh the evidence, retry the issues, or substitute its own judgment; rather, the court scrutinizes the record to determine whether substantial evidence is present. *See Greenspan*, 38 F.3d at 236. "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris ex rel. Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).

The SSA uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is not disabled, the evaluation need not go on to the next step. *See id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairments are medically severe; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) whether the RFC precludes the claimant from performing his past relevant work; and (5) whether the combination of the claimant's RFC, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *See id.* If the impairment is severe but does not meet or equal a listed physical or mental impairment, then the Commissioner must conduct an RFC assessment. *See id.* §§ 404.1520(e), 404.1520a(d)(3).

**III.     ANALYSIS**

Bond makes one objection to the FCR, maintaining that the Magistrate Judge should have recommended remand of this case to the AC. *See* Pl.'s Obj. 3–4, ECF No. 17. Specifically, Bond argues that the AC's "failure to consider newly submitted evidence" is harmful error that requires a remand here. *See id.* at 2. Bond's objection presents similar arguments to her initial briefing before the Magistrate Judge. *See* Pl.'s Br., ECF No. 13; Reply, ECF No. 15. Likewise, the Commissioner's Response to Bond's Objection asserts in a single page that "Plaintiff does not present any new issues or arguments in her Objections" and that "Plaintiff reiterates her previous arguments." Def.'s Resp. 1, ECF No. 18. Under de novo review of the FCR, the Court will refer to parties' pleadings below and the record as a whole in fully analyzing the parties' arguments under the law.

After the ALJ's decision on April 26, 2019, Bond submitted new evidence to the AC as part of her appeal. *See* Admin. R. 10–17, ECF No. 11-1. The evidence consisted of a "Fibromyalgia Medical Source Statement" completed on May 27, 2019, by Bond's physician, Scott Zashin. *See id.* That form indicated, among other things, that Bond "could stand/walk less than 2 hours out of an 8-hour day, and sit about 2 hours in an 8-hour day," which Bond argues conflicts with the ALJ's conclusion that she could perform "a limited range of light work" and "a sedentary job, which requires a minimum of sitting for at least 6 hours out of an 8-hour day." Pl.'s Br. 10–11, ECF No. 13 (citing Admin. R. 21, 25, ECF No. 11-1). In review of this new evidence, the AC stated, "The Administrative Law Judge decided your case through April 26, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before April 26, 2019." Admin. R. 6, ECF No. 11-1. Bond argued that the additional evidence did "relate to" the period of alleged disability, Pl.'s Br. 9, and the

4

Magistrate concluded that "the AC applied an improper legal standard in not considering it." FCR 7, ECF No. 16. Because Bond agrees with that portion of the FCR, this Court need not address it. *See* 28 USCS § 636(b)(1) ("A [district] judge of the court shall make a de novo determination of those portions of the [Magistrate's] report or specified proposed findings or recommendations to which objection is made.").

Despite concluding that the AC applied the improper legal standard, the Magistrate determined that Bond did not show prejudice from the AC's failure to consider the newly submitted evidence. *See* FCR 7, ECF No. 16. The Magistrate reasoned that "Dr. Zashin's opinion contained in the newly introduced form does not dilute the record to such an extent that the ALJ's decision becomes insufficiently supported and does not establish materiality requisite for remand." *Id.* at 8–9. Bond makes two arguments in her objection to this no-prejudice finding in the FCR: (1) that remand for the AC's application of an incorrect legal standard is always required; and (2) even if not always required, was required here because Bond was prejudiced by the AC's error. *See* Pl.'s Obj., ECF No. 17.

First, Bond contends that the AC's application of an incorrect legal standard is per se harmful and requires remand. *See* Pl.'s Obj. 1–5, ECF No. 17. Bond claims that the requirement to consider newly submitted evidence is a procedural safeguard, and denial of this mandatory procedural protection dictates remand. *See id.* at 1–2 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004)). Bond also seems to argue that this error was legal, not procedural, and *that* is why remand is required. *See id.* at 4 (citing *Camille M. v. Berryhill*, No. 3:17-cv-2883-L-BN, 2019 WL 652982, at *4, *report and recommendation adopted sub nom. Camille M. v. Colvin*, No. 3:17-CV-2883-L, 2019 WL 652477 (N.D. Tex. Feb. 15, 2019)). Lastly on this point, Bond argues that the Magistrate Judge was limited to considering only those grounds that the

5

Commissioner stated in his decision and could not reweigh the evidence in light of the newly submitted report by Dr. Zashin. *See* Pl.'s Obj. 4–5, ECF No. 17.

Bond misstates the law. In the Fifth Circuit, "where the rights of individuals are affected, an agency must follow its own procedures . . . ," and "*[i]f prejudice results from a violation*, the result cannot stand." *Morgan v. Colvin*, 803 F.3d 773, 777–78 (5th Cir. 2015) (emphasis added); *Washington v. Astrue*, No. 12–0325, 2012 WL 6863795, at *6 (W.D. La. Dec. 10, 2012) (citing *Higginbotham*, 405 F.3d at 332; *Higginbotham v. Barnhart*, 163 F. App'x 279, 2006 WL 166284 (5th Cir. 2006)) ("[I]n the Fifth Circuit, evidence submitted by a claimant to the Appeals Council does not per se require remand to the Commissioner simply because the Appeals Council failed to address the evidence in its decision."). Thus, the court will only vacate the judgment and remand disability cases when the claimant has shown prejudice from the Commissioner's error. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (citing *Carter v. Massey-Ferguson, Inc.*, 716 F.2d 344, 349 (5th Cir. 1983)); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746, 2007 ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."). In order to justify remand where new evidence has been submitted, that new evidence must be material: "it must be relevant, probative, and likely to have changed the outcome of the Secretary's determination." *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). As these cases make clear, remand is not automatic when the Commissioner errs, as here. To Bond's argument that the Magistrate Judge could not "reweigh" the evidence in light of the new report and, thus, remand is required, the Fifth Circuit has expressly rejected such a rule. *See Higginbotham*, 163 F. App'x at 281 ("By remanding cases without meaningful regard to the substantial evidence standard, we would be encouraging attorneys to hold

back some of their evidence in hopes of seeking reconsideration if proceedings are not initially successful for their clients.").

Bond cites several cases she argues are authoritative here and make remand the only appropriate remedy. First, Bond cites *Dep't of Homeland Sec. v. Regents of the Univ. of California* for the idea that "[r]equiring a new decision before considering new reasons promotes agency accountability." ___ U.S. ___, 140 S. Ct. 1891, 1909 (2020). That case involved judicial review of executive agency *policy* decisions in the context of DACA and is wholly inapposite here. Next, Bond cites a Sixth Circuit case to argue that a failure by the Commissioner to properly consider medical opinion evidence is per se harmful. *See* Pl.'s Obj. 2, ECF No. 17 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004)). However, that case involved an ALJ's blanket failure to articulate reasoning required under SSA regulations in evaluating the claimant's medical opinion evidence. *See id.* Here, the AC articulated its reason for not considering the new evidence pursuant to 20 C.F.R. § 404.970(a)(5). The Magistrate found that articulated reason to be erroneous, but in such an instance, the court must then determine whether that error was harmful before remanding to the SSA. *See Morgan*, 803 F.3d at 777–78. Bond also cites *Hughes v. Shalala* for the proposition that "where the [Commissioner] relied on an incorrect legal standard in assessing the evidence, the denial must be reconsidered." 23 F.3d 957, 959 (5th Cir. 1994) (citing *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir. 1989)). But that's precisely what happened here. Based on the Magistrate's conclusion that the AC had erred in failing to consider Dr. Zashin's May 2019 report, the Magistrate *reconsidered the denial* and concluded that Bond was not prejudiced by the AC's error. *See* FCR 7–9, ECR No. 16.

Second, Bond argues that remand is merited anyway, because the information contained in Dr. Zashin's report directly conflicts with the evidence considered by the ALJ, thus prejudicing

Bond. Had the ALJ given great weight to Dr. Zashin's new report, Bond argues, as previously mentioned, for remand to be justified, Bond's evidence submitted to the AC had to be material. *See Pierre*, 884 F.2d at 803. For evidence to be material, it "must be relevant, probative, and likely to have changed the outcome of the Secretary's determination." *Id.*

The Court is not convinced that the new evidence here is material. Dr. Zashin's report is a fill-in-the-blanks form that was only completed after the ALJ's unfavorable decision on Bond's claim. *See* Admin. R. 10–17, ECF No. 11-1. While Dr. Zashin indicated on the form that Bond was limited in the amount of time she could sit and stand/walk in an eight-hour workday, he did not indicate his reasoning for this conclusion or provide other explanation or notes in this regard. *See id.* The Fifth Circuit has found such conclusory evidence unsatisfactory in this context. *Heck v. Colvin*, 674 F. App'x 411, 415 (5th Cir. 2017) (characterizing "responses to a questionnaire format as typi[cal] brief or conclusory testimony" and declin[ing] "to accord these responses controlling weight when they lack explanatory notes or supporting objective tests and examinations." (citations and internal quotation marks omitted)); *Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (refusing to give considerable weight to physician opinion evidence that is "brief or conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence."). In the face of the ample testimony and medical opinion evidence considered by the ALJ in arriving at his decision, it cannot be said that the recently completed and conclusory standardized form is likely to have changed the outcome of the Secretary's determination. Accordingly, the evidence was not material, and Bond has not shown she was prejudiced in the AC's refusal to consider it.

Based on the foregoing, prejudice has not been shown, and substantial evidence supports the ALJ's decision that Bond was not disabled. Thus, the Court **OVERRULES** Bond's Objection.

## IV. CONCLUSION

Having conducted a de novo review of the FCR and Bond's Objection, the Court **OVERRULES** Plaintiff's Objection and **ADOPTS** the reasoning in the Magistrate Judge's FCR. Accordingly, the Court **AFFIRMS** the Commissioner's decision that Bond is not disabled as defined by the Social Security Act.

**SO ORDERED** on this **10th day** of **December 2020**.

*[signature: Reed O'Connor]*
Reed O'Connor
UNITED STATES DISTRICT JUDGE